TODD v. STEWART.

1. ELECTION CONTESTS — PLEADINGS AND PRACTICE IN SUPREME COURT. A general averment of election frauds or the intimidation of voters is insufficient; under the rules of this court in relation to election contests, proper ultimate facts must be pleaded as in other cases.

2. CHARACTER OF EVIDENCE REQUIRED IN SUCH CASES.— Mere rumors circulated and arguments advanced against particular candidates during political campaigns, however false or malicious, cannot affect the determination of such cases.

3. WHAT CONTESTOR MUST SHOW.— If the contestor does not show that by reason of the illegal casting or rejection of votes the result is different from what it would otherwise have been, the proceeding should not be entertained.

*Original Contest Proceeding.*

Mr. GEORGE R. TODD, *pro se.*

Messrs. STIMAN & EMERSON, JOHN KINKAID and S. L. CARPENTER, for contestee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Contestor and contestee were opposing candidates at the last general election for the office of county judge of Ouray county. Contestee received the certificate of election, and the present proceeding is instituted to try his right to the office.

The principal ground of contest stated by the petition is that in the registration of voters in six election precincts of Ouray county, preceding the election referred to, some of the specific requirements of the statute were not complied with by the boards of registration. The petition also avers, generally, that in four of the six election precincts mentioned, corruption, fraud and intimidation were practiced. But the only specific acts of corruption, fraud or intimidation mentioned are: *First,* the striking off of twenty-seven or twenty-eight names from the poll-book, thereby depriving such persons of

the privilege of voting; *second,* the action of certain mine owners and managers, who endeavored to turn the votes of their employees against contestor by unfair argument and implied threats of discharge from employment; *third,* the circulation by contestee and his law partner of the report that a certain independent ticket containing the name of contestor was fraudulent, whereby numerous persons were prevented from exercising their free choice for the office of county judge.

The foregoing petition is challenged by demurrer upon the ground that no sufficient cause of contest is therein stated, and also upon the ground that the same is ambiguous, unintelligible and uncertain.

A general averment of election frauds, or the intimidation of voters, should be treated as insufficient; and the pleading of proper ultimate facts should be required, under the rules of this court, in election contests, as in other cases. The allegation that twenty-seven or twenty-eight names were stricken from the poll-book does not aid contestor, since there is no averment that the parties thus prevented from voting would have cast their ballots for him. The alleged reprehensible conduct of mine owners and managers would, if true, be a proper subject for denunciation by good citizens, and possibly for legislative action; but it is not within the realm of judicial cognizance in determining election contests. Nor can rumors circulated or arguments advanced against particular candidates during political campaigns, however false or malicious, affect the determination of such cases.

The sole remaining ground of contest rests upon contestor's assertion that the specific requirements of the law in relation to the registration of voters are conditions precedent to a legal ballot, and that where any of these requirements are omitted, either through ignorance, inadvertence or evil design, the registration is void, the votes cast are illegal, and the returns should not be counted. Without passing upon the correctness of the

foregoing propositions, we must hold that the petition is in this respect, also, insufficient; for, if we assume (for present purposes only) that contestor's position is sustained by authority, nevertheless, certain other matters must be averred and proved in order to successfully contest an election.

If contestor does not show that, by reason of the illegal casting or rejection of votes, the result is different from what it would otherwise have been, the contest proceeding should not be entertained. Cooley, Const. Lim. (5th ed.) 780; McCrary, Elect. (2d ed.) § 281; *First Parish v. Stearns*, 21 Pick. 148; *People v. Cicott*, 16 Mich. 282.

The petition under consideration does not state the total number of votes cast in the county for the office in controversy, at the election mentioned, nor the total number of votes polled in either or all of the six precincts complained of. It does not state the number of candidates in the field for said office, nor the number of votes given for either of the candidates. It does not state, or attempt to state, the number of electors who were prevented from casting their ballots for contestor by reason of fraud, intimidation or other misconduct. It does not even specifically aver that the board of canvassers considered or counted the returns from the six precincts objected to. In short, there is a total absence of averment tending to show that the matters complained of altered the result of the election. The mere declaration in the pleading that contestee was not elected, and that contestor is entitled to the office, does not supply the foregoing omissions. The demurrer to the petition is sustained.

*Demurrer sustained.*