Filed April 7, 1892.

---

No. 15,406.

## PATOKA TOWNSHIP ET AL. *v.* HOPKINS.

SURFACE WATER.—*Township Authorities Casting on Adjoining Land.—Injunction.*—A township can not collect water along a public highway therein, in an artificial channel, and then cause it to flow upon the adjoining lands of a private individual in a greatly increased quantity; and its officers may be enjoined, to prevent such flowage.    *City of North Vernon* v. *Voegler,* 103 Ind. 314, distinguished.

SAME.—*Court Directing Place and Method of Constructing Township Drains.*—A court can not direct how or when drains shall be constructed by highway officers, for the control of that matter is committed to those officers, and not to the courts.

PRACTICE.—*Cross-Errors.*—For the practice relative to cross-errors, and the right to costs on reversal, see opinion.

From the Gibson Circuit Court.

*M. W. Fields* and *J. W. Ewing,* for appellants.

*L. C. Embree* and *W. P. Howe,* for appellee.

ELLIOTT, C. J.—The complaint of the appellee is for an injunction, and the abatement of a nuisance.    The complaint alleges that the appellee owns eighty acres of land, lying along a public road, under the control of Patoka township; that the natural surface of the land is such that the surface-water which collects south of the road flows south over the appellee's land, and the water which collects on the north side of the road flows north and away from his land; that prior to the first day of May, 1889, the township had cut two artificial ditches, one on each side of the road; that on the

day named the township constructed a culvert across the road, so that the water in the north ditch poured into the south ditch; that neither of the ditches constructed by the township is a natural watercourse; that along the north line of the road the property owners had constructed high embankments, and thus prevented the water from flowing upon their land, and caused it to be confined in the north ditch; and that a great quantity of water collects in the ditch north of the road; that by uniting the two ditches the water was thrown upon the appellee's land, rendering it wet and untillable.

The case has been ably argued, and the questions well presented. The questions are important, and not free from difficulty.

Surface water, it has been said, is a common enemy, which the land-owner may fight off his land, as best he may. But while there is something of truth in the statement, there is, nevertheless, much of error. It is not true, in law, that a land-owner, or a municipal corporation, may collect surface water in an artificial channel, and pour it upon another's land. Whatever doubt may have once existed upon this subject, none longer exists. It is now well settled that the right to fight off surface water does not authorize it to be collected in a volume and cast upon the land of another. *Davis* v. *City of Crawfordsville,* 119 Ind. 1, and cases cited; Gould on Waters (2d ed), section 271. A public corporation has no more right to collect water in an artificial channel, and cause it to flow upon the land of another, in a greatly increased quantity, than has a private land-owner This is established law. It is clear, therefore, that if the township authorities did collect the surface water in an artificial channel, and thus cause it to flow upon the appellee's land, his rights of property have been invaded, and an action will lie. Another settled principle of law is here influential. That principle is this: If a public corporation, by its acts, makes necessary an outlet for the escape of water collected by it in artificial water-

ways, that outlet it must provide. If it fails to provide the outlet made necessary by its own act, it is guilty of an actionable wrong. *City of Evansville* v. *Decker*, 84 Ind. 325, and cases cited; Gould on Waters (2d ed.) 517, section 261. See, also, authorities cited in Elliott Roads and Streets, 363, and authorities cited. In this instance the public corporation united two ditches, and thus conveyed upon the appellee's land, by artificial waterways, a great volume of water, that naturally flowed in a different direction, and this they did without providing an outlet. They were, therefore, the authors of a positive wrong.

The case before us does not fall within the rule that a public corporation is not liable for consequential injuries resulting from the improvement of a highway in a careful and skilful mode. Here the corporation constructed artificial ditches, and gathered the water in one volume; here, it united two artificial waterways, and here it changed the natural flow of the water. This was done in view of the fact that the consequences of the union of the two ditches would necessarily cast an increased volume of water upon the appellee's land, for the surroundings were such, as the complaint shows, as rendered this result inevitable.

The rule declared in the case of *City of North Vernon* v. *Voegler*, 103 Ind. 314, does not govern this case. The reason for this conclusion is evident. In the case referred to there was simply negligence in constructing a culvert at a place where there was authority to construct it; while here there was no right to so construct a culvert as to unite two artificial channels, change the natural flow of water, and cast it upon the appellee's land in an increased volume. There is here more than the negligent construction of a culvert; more than negligence in devising a plan, for there is a positive wrong, inasmuch as the natural flow of water is changed, and thrown upon the appellee's land, in a greatly increased volume.

It is assumed that the township officers had authority

to construct the culvert, and it is asserted as a conclusion from the premise assumed, that they can not be enjoined from doing what they have lawful authority to do. In support of this position we are referred to the cases of *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Mayor, etc.*, v. *Roberts*, 34 Ind. 471; *Wilson* v. *Mayor, etc.*, 1 Denio, 595; and *McOsker* v. *Burrell*, 55 Ind. 425.

The assumption is not valid, and with it falls the conclusion founded upon it. The assumption is not sustained by the authorities cited, nor has it any foundation in principle. This is obvious from what we have said, for the assumption can not stand against the settled principle that water can not be collected in artificial channels, the natural flow changed, the volume increased, and no outlet provided. It is one thing to grade a highway, and cast off surface water, as a consequence of the grading, and quite another thing to change the natural flow, unite artificial channels, increase the volume of water, and cause it to flow upon private property in an increased volume. It is not the mere fact of constructing the culvert across the highway that constitutes the actionable invasion of the plaintiff's right of property, for the acts of the public corporation extend far beyond the mere construction of the culvert. The corporation may construct culverts but it can not destroy private property by uniting in one artificial channel a great body of water, changing the natural flow, and throwing the collected water upon the citizen's land.

We fully agree with appellants' counsel that a complaint must proceed upon a definite theory, and be sufficient upon the theory adopted, but we can not agree that the rule stated condemns the appellee's complaint. The theory of the complaint is that the appellee is entitled to an injunction, and to that theory the facts stated are fitted. It is true that the complaint characterizes the culvert as a nuisance, and it may possibly be true that it is not a nuisance (a question it is not

necessary to decide) ; but, granting that it is not, still, the facts stated show a right to the relief prayed, and sustain the general theory of the pleading. Against facts epithets are of little force, and here there are substantive facts showing a clear right and its wrongful invasion. It may be true that the appellee is not entitled to all the relief prayed, but if it were conceded that he is not, it would not warrant the conclusion that the complaint is bad, for the law is that if the complaint shows the plaintiff entitled to a part of the relief demanded it will repel a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5.

We can not disturb the finding upon the evidence.

The appellee has assigned as cross-error the refusal of the court to embody in the decree an order abating the culvert as a nuisance. As the court awarded an injunction against the maintenance of the culvert, we can not perceive that the appellee was harmed by the refusal of the court to modify the decree in the particular indicated.

The appellee also asked the court to modify the decree by striking out one of its provisions. The motion and the part of the decree objected to are properly brought into the record by a bill of exceptions, so that it is our duty to decide the question presented. It is a mistake to suppose that an appellee who properly saves a question and duly presents it by the assignment of cross-errors is not entitled to affirmative relief. An appellee may do more than save costs or prevent a reversal by appropriately assigning cross-errors. He may in many instances accomplish as much by the assignment of cross-errors in a case appealed by his adversary as by himself prosecuting an appeal. *Johnson* v. *Culver,* 116 Ind. 278 ; *Feder* v. *Field,* 117 Ind. 386 ; *Shinkle* v. *First Nat'l Bank,* 22 Ohio St. 516 ; *Collins* v. *Davis,* 32 Ohio St. 76.

The part of the decree which we deem subject to the objections urged by the appellee is that indicated in the first specification of the appellee's motion to modify. That part should be eliminated. The part of the decree indicated as-

sumes to declare what the township officers shall do in the way of constructing drains for the highway. We regard it as quite clear that the court can not direct how or when drains shall be constructed by highway officers, inasmuch as the control of that matter is committed to those officers, and not to the courts. *Weaver* v. *Templin*, 113 Ind. 298, and cases cited; *City of Fort Wayne* v. *Cody*, 43 Ind. 197, and cases cited. We should hold that the error in directing the highway officers where and how to construct the drains was one of which the appellee could not successfully complain if it were not for the fact that the order provides that they shall be constructed, in part, at least, on his land. As all the parts of the decree affecting this particular matter are inseparably blended, the whole clause must be struck out, and the decree be so remodelled as to award an unconditional injunction.

The judgment is reversed upon the appellee's assignment of cross-errors, and affirmed upon the appellants' assignment of errors. The trial court is instructed to modify the decree as herein indicated, and to proceed in accordance with this opinion. .

Filed April 6, 1892.