## Town of North Judson *v.* Lightcap et al.

[No. 6,142. Filed April 23, 1908.]

1. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived. p. 566.
2. MUNICIPAL CORPORATIONS.—*Towns.—Grading Streets.—Obstructing Drains.*—A town is liable for the negligent and unskilful grading of its streets in such manner as to obstruct the flow of the waters collected thereon, and running in channels along the street, and the consequent overflow of same upon adjacent lots. p. 568.
3. SAME.—*Streets.—Drains.—Obstructions.—Negligence.*—The damming of the gutters along a street without providing any outlet for the water flowing therein, thus causing plaintiffs' lots to be overflowed, constitutes negligence. p. 569.

From Starke Circuit Court; *Timothy E. Howard,* Special Judge.

Action by Henry Lightcap and others against the Town of North Judson. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Burson & Burson* and *Harry C. Miller,* for appellant.

*H. R. Robbins, W. C. Pentecost* and *J. F. Brems,* for appellees.

HADLEY, P. J.—Appellees sued appellant to recover damages on account of the inundation of certain lots belonging to said appellees in the appellant town, which inundation was caused by the negligence of appellant in the improvement of its streets. There was a trial by the court and, upon request, a special finding of facts and conclusion of law thereon, by which it was adjudged that appellee recover judgment for $125. Appellant excepted to the conclusion of law and filed a motion for a new trial, which was overruled. A demurrer was filed to the complaint, which was overruled. This action of the court is assigned as error, but is not argued, and therefore presents no question.

The questions properly presented and argued are, error in stating the conclusion of law and in overruling the motion for a new trial.

Facts found by the court are to the effect that appellees own the north half of block twenty-seven in said town; that Keller avenue runs north and south along the west side of said block, Sycamore street runs east and west along the north side, and Lain street runs north and south along the east side of said property, Keller avenue intersecting Sycamore street at the northwest corner of said property, and Lain street intersecting Sycamore street at the northeast corner of said property; that appellees' said property is lower than the lots to the south of it, and likewise lower than the lots west of it; that for eighty rods to the south of appellees' property there is a continuous rise in the ground; that there is a gutter on the west side of Lain

street, and also on the south side of Sycamore street; that
in the spring of 1901 appellant established a grade for Lain
and Sycamore streets, and graded the same by using a road
scraper and rounding the bed of the roadway and placing
on the top thereof crushed stone and gravel, thus leaving
the middle of the street several inches higher than the natu-
ral surface on either side; that in so grading said street
they caused Lain and Sycamore streets to cross on the same
grade heights; that appellant placed a box tile across Syca-
more street where it intersects Keller avenue, but allowed
the same to become unfit for drainage; that at the time of
said grading it also placed a four-inch tile on Sycamore
street, where it intersects Lane street, but said four-inch
tile did not afford a sufficient outlet for the water which
flowed down the gutter of Lane street at times of heavy
rain falls, and during 1902 and 1903 appellees' lots were
inundated by water flowing from the lots on the south, and
down Lain street and Keller avenue to Sycamore street;
that the gutter on the west side of Lain street brought the
water from about 300 feet south of Sycamore street;
that inundations were caused by water flowing down the
west side of Lain street and the east side of Keller avenue
to the south side of Sycamore street and meeting at the in-
tersection of said Sycamore street; that the four-inch tile
on Lain street and the box tile on Keller avenue were ob-
structed, or were from some other cause inadequate to' dis-
charge said water; that in consequence said water flowed
across the sidewalk upon the appellees' lots and there re-
mained until it sank away.    There are other findings rela-
tive to the amount and character of damages sustained.    It
thus appears that the injury was the direct result of the
grading of the street and the negligent failure of the town
to provide for the flow of the water that would naturally
and necessarily be collected at the points of the intersec-
tion of said three streets.    Appellant contends that the the-
ory of the complaint is that the proximate cause of the in-

jury was the constructing of lateral ditches and drains, and collecting the surface-water from distant points and discharging it upon appellees' land, that there is no finding that appellant constructed any such drains, and therefore appellees should not recover.

We do not·so understand the complaint.   It is averred that the appellant did construct such drains, and did thereby collect the surface-water and bring it to the lots of appellees; but it avers also that appellant failed to provide an outlet for the water so collected, and by reason thereof appellees' lots were overflowed.   Thus, basing the proximate cause of the injury upon the failure of the town to provide for the escape of the waters thus brought down, the special finding .declares that the waters that overflowed appellees' lots flowed down the gutters of Keller avenue and Lain street, and by reason of the lay of the ground and the failure of appellant to provide proper drains across Sycamore street the lots were inundated.   As thus presented, it is immaterial who constructed the gutters or ditches.   If by reason of the grading of the streets the gutters through which said water flowed were thus obstructed, and by reason of this obstruction the damage was done, the town would be liable for such damage, not on account of having constructed the gutters, but on account of having constructed a barrier across the gutters that obstructed the flow of the water naturally passing through them.

Counsel for appellant contend that this is a case where appellees, under the authorities, cannot recover, and that where a street is improved and the grade is raised, leaving property below the street level, such property owners cannot recover for the damming of the surface-waters.   But this is not such a case.   In this case waters that caused the injury were waters that were collected in a channel along appellant's street, and by reason of appellant's obstruction in the channel the same was caused to flow upon appellees' land.   In such a case the town is liable.   2 Dillon, Mun.

Corp. (4th ed.), §1049; *Patoka Tp.* v. *Hopkins* (1892), 131 Ind. 142, 31 Am. St. 417; *City of Indianapolis.* v. *Huffer* (1868), 30 Ind. 235; *City. of North Vernon* v. *Voegler* (1885), 103 Ind. 314; *Weis* v. *City of Madison* (1891), 75 Ind. 241, 39 Am. Rep. 135.

We are not unmindful of the rule that has long and steadily been maintained, that municipal corporations are not responsible for consequential injuries resulting from the grading of streets, where the work is done in a careful and skilful manner. But this rule does not apply here. This case comes within the rule that has been just as long maintained, that where such work is done in a negligent and unskilful manner the corporation is liable for injuries resulting to adjacent property. *City of Indianapolis* v. *Huffer, supra.*

The damming of the gutters along the streets by the embankments without providing egress for water that anyone would know would collect there, was certainly negligence and want of skill.

The only question presented upon the ruling on the motion for a new trial is that the evidence is insufficient to sustain the finding, and the only deficiency in the evidence pointed out is that there was no evidence that the city constructed the drains. As we have heretofore determined, this is immaterial.

It is also contended there is no evidence showing that the improvement of the street was negligently done. There is no virtue in this contention. The evidence shows that by the grading of the street the water collected on Lain street and Keller avenue, and flowing down the same to Sycamore street, was there obstructed by such grading, and its onward course stopped on account of insufficient outlet, and it was thereby backed upon appellees' property. This shows negligent and unskilful construction.

Judgment affirmed.