## No. 9037.

### CITY OF LOVELAND *v.* WESTERN LIGHT & POWER CO.

Decided January 7, 1918.

On motion of defendant in error to reinstate the cause on cross-assignments.

*Motion Granted.*

1. APPEAL AND ERROR—*Dismissal of writ of error—Effect on cross-assignments.*  Under code sec. 420, S. L. 1911, p. 10, sec. 2, the voluntary dismissal of a writ of error, does not carry with it a dismissal of the cross-assignments of error.

Messrs. PERSHING, TITSWORTH & FRY, Mr. AB. H. ROMANS, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. LEE & SHAW, Mr. E. E. WHITTED, for defendant in error.

*En banc.*

MR. JUSTICE GARRIGUES delivered the opinion of the court.

MOTION to reinstate the cause upon the cross-assignments of error.

Both sides filed exceptions below to the final judgment. Plaintiff in error, City of Loveland, sued out a writ of error and tendered to us a full record on error including the exceptions reserved and relied upon by defendant in error. Thereupon defendant in error filed cross-assignments of error. Upon motion of plaintiff in error, the writ of error was dismissed without reservation, saving the right of defendant in error to be heard upon its cross-assignments of error, defendant in error not consenting to the dismissal of the case pending on its cross-assignments of error.

Code section 420, Laws of 1911, p. 10, Sec. 2, provides:

"And the defendant in error who shall except to such final judgment may assign cross-errors in like manner on the record filed by the plaintiff in error, which cross-errors shall be heard, and decision rendered thereon, at the same time the case is considered on the other errors. Where the bill of exceptions preserved by either party contains the exceptions relied upon by the other party in his assignment of cross-errors, it shall not be necessary for such other party to preserve the same by a separate bill of exceptions."

The question is, did the voluntary dismissal of the writ of error by plaintiff in error, carry with it the dismissal of the cross-assignments of error made by their opponent and require defendant in error to sue out a new writ of error?

The code permits a defendant in error, in like manner as a plaintiff in error, to assign cross-errors on the record filed by the plaintiff in error. An assignment of error is in the nature of a complaint and a cross-assignment of error is

equivalent to a cross complaint, cross-bill or counter-claim. Plaintiff in error could not, by dismissing the writ of error, prevent defendant in error from obtaining a review of the judgment upon its cross-assignments of error. *American Co. v. People,* 53 Colo. 512, 127 Pac. 941; *Patoka Township v. Hopkins,* 131 Ind. 142, 30 N. E. 896, 31 Am. St. Rep. 417; *Crane v. O. R. & N. Co.,* 66 Ore. 317, 133 Pac. 810; 6 Ency. Pl. & Pr. 848.

Motion to reinstate the cause of defendant in error on its cross-assignments of error, granted.