## No. 9037.

### CITY OF LOVELAND v. WESTERN LIGHT & POWER COMPANY.

1. MUNICIPAL CORPORATIONS—*Electric Light Works—Election to Authorize*. At an election held under c. 153 of the Acts of 1899 (Rev. Stat. sec. 6525, cl. 67) only tax payers of the city are entitled to vote. A taxpayer of the county residing within the city, but paying no tax on property within the city, is not entitled to vote.

2. ELECTION—*Irregularities not Affecting Result Disregarded*. At a municipal election certain citizens of the town were refused the ballot, but if all had voted in the negative, and their votes had been accepted and counted, the proposition still would have carried. Held their exclusion was no ground to set aside the result.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

Messrs. PERSHING, TITSWORTH & FRY, Mr. ROBERT G. BOSWORTH, Mr. AB H. ROMANS, for plaintiffs in error.

Messrs. LEE & SHAW, Mr. E. E. WHITTED, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS suit was brought to enjoin the City of Loveland, plaintiff in error, defendant below, from issuing and dis-

posing of electric light bonds to the amount of $79,000.00.

At a special city election held in Loveland August 11, 1914, under sec. 1, p. 419, Laws of 1899, the city authorized the city council to erect a municipal electric light plant, to be owned and operated by the city, and at the general city election following, held April 6, 1915, under sec. 1, p. 386, Laws of 1891, authorized the city council to issue bonds aggregating $79,000.00 to erect the plant, and May 16,. 1916, the city council passed an ordinance providing for issuing the bonds. Thereupon this suit was begun, the purpose being to prevent by injunction the carrying out of the authority granted. The court found that the special election held on August 11, 1914, in the city of Loveland, upon the question of the city erecting an electric light plant, was in all respects properly submitted and carried, and was valid, and authorized the city council to erect an electric light plant for the city, but enjoined the city from issuing the bonds, because, as it held, the amount exceeded the limit of indebtedness which could be created by the city. The city sued out a writ of error to review this judgment, and assigned errors assailing the action of the court in holding the bonds could not be legally issued, and the Western Light & Power Company, plaintiff below, as defendant in error, assigned cross errors, claiming that the court erred in holding the election of August 11, 1914, authorizing the erection of the light plant, was valid.

During the pendency of the writ of error, the legislature, by amending the law, did away with the limitations upon the city, and another election was held April 3, 1917, at which a valid bond issue of $83,000.00 was authorized. The city thereupon had no further interest in prosecuting the writ of error, and we dismissed the suit upon its motion, but later reinstated the cause upon the cross errors assigned by the Western Light & Power Company. (See *City v. Western Co.*, Colo., 170 Pac. 191.) The case is now here upon the cross errors assigned by the company, with respect to the validity of the city election held August 11,

1914, purporting to authorize the city council to erect a municipal electric light plant.

The constitution provides that no city shall contract any debt by loan in any form unless the question of incurring the same shall be submitted at a regular city election to a vote of such qualified electors of the city as shall in the year next preceding have paid a property tax therein and a majority of those voting on the question shall vote in favor of creating such debt.

Art. XI, sec. 8, Constitution.

The act of 1891 provides that no indebtedness on behalf of the city shall be contracted by borrowing money or issuing bonds for the purpose of constructing a plant to supply electric light for the city unless the question of incurring the same shall, at a regular city election, be submitted to a vote of such qualified electors of the city as shall, in the year next preceding, have paid a property tax therein, and a majority of those voting thereon shall vote in favor of creating such debt.

Laws of 1891, p. 386.

The act of 1899 provides that no electric light works shall be erected unless a majority of the voters of the city who are taxpayers under the law, voting on the question at a general or special election, shall by vote approve the same.

Laws of 1899, p. 419.

The act of 1909 provides: "The term taxpayer, taxpaying elector or qualified elector shall be held to mean and include only those persons who are qualified voters under the registration and election laws of this state, and who, in the calendar year in the last preceding election at which said vote was offered, shall have paid a tax, or be liable for the payment of such tax, upon real or personal property assessed to them and owned by them in the county where such vote is offered."

Laws of 1909, p. 511.

Defendant in error contends that the city council is without power to erect an electric light plant because the elec-

tion held August 11, 1914, is void on account of the errors in the ordinance calling the election and errors in the published election notice issued thereon and in the conduct of the election.

Sec. 9, of the ordinance calling the election, and the published notice, contained the following provisions:

"At said election only such voters of the City of Loveland as are taxpayers under the law will be permitted to vote upon the question submitted. The term "taxpayer" means and includes only those persons who are qualified electors under the registration and election laws of the State of Colorado, and who, in the calendar year last preceding the said special election, shall have paid a tax upon real or personal property assessed to them and owned by them in the City of Loveland, where such vote is offered. (See Chapter 213 of the Session Laws of Colorado, 1909.)"

*Opinion.*

The laws of 1909, sec. 1, p. 511, referred to in the notice, contain no provisions regarding the calling or holding of such an election. The election was called and held under the provisions of sec. 1, p. 419, Laws of 1899, which provides that no municipal electric light works shall be erected by the city until a majority of the voters of the city "who are taxpayers under the law," voting on the question, by vote approve the same. It is claimed by defendant in error that a certain class of registered voters residing in the City of Loveland, who were taxpayers in Larimer County, but not taxpayers of the city, were, on account of the ordinance and notice, prohibited from voting. The complaint, made to the form of the notice, is that the words, "City of Loveland," should have been "County of Larimer," the contention being that under chapter 213, Laws of 1909, every registered elector of the City of Loveland had a right to vote upon the proposition if he was a taxpayer of Larimer County, although he paid no taxes upon any property in the City of Loveland, and that the language of the ordinance and notice prohibited such persons from voting.

If the notice had contained the words, "Who are tax-payers under the law," instead of "City of Loveland," it would not have conferred the right to vote upon any one except taxpayers of the city. In other words, only tax-payers of the city were entitled to vote upon the proposition. Chapter 213, Laws of 1909, did not give registered electors of the city, who paid taxes in Larimer County, but who did not pay taxes on property in the city, the right to vote on the question. It was the intention of the legislature to submit the question of the city erecting, owning and operating its own municipal light plant to the taxpayers of the city. But, aside from this, only one such person offered to vote and was refused. Thirty-four others resided in the city, possessing the same qualifications as this one, but none of them offered to vote. The proposition carried by a majority of eighty-four, so if all of them had offered themselves and had been permitted to vote and had all voted against the proposition, it would not have changed the result. An election will not be set aside for irregularities unless they affect the result of the election. *People ex rel. v. Keeling,* 4 Colo. 129-133; *Kellogg v. Hickman,* 12 Colo. 257, 21 Pac. 325; *Todd v. Stewart,* 14 Colo. 286-288, 23 Pac. 426; *Allen v. Glynn,* 17 Colo. 338-347, 29 Pac. 670, 15 L. R. A. 743, 31 Am. St. Rep. 304; *Smith v. Harris,* 18 Colo. 274-277, 32 Pac. 616; *People v. Earl,* 42 Colo. 238, 94 Pac. 294; *Littlejohn v. People,* 52 Colo. 217-226, 121 Pac. 159, Ann. Cas. 1913D, 610; *Murphy v. City,* 64 Wash. 681, 117 Pac. 476.

We hold that the cross assignments of error of the Western Light & Power Company are not well taken, and the finding of the trial court, that the election of August 11, 1914, was regular and valid, is sustained.

Judgment affirmed.

Chief Justice Hill and Mr. Justice Scott concur.