No. 10,009.

Clough *v.* The City of Colorado Springs.

Decided March 15, 1921.  Rehearing denied May 2, 1921.

Action to enjoin the issuance of bonds by a municipality for public improvements.  Judgment of dismissal.

*Affirmed.*

1. Words and Phrases—*"Public Works."*  The term "public works" may include works either of construction or adaptation undertaken to subserve some purpose of public convenience, as the paving of streets.

2. Municipal Corporations—*Special Elections—Bonds.*  Under the provisions of sec. 6, art. XX of the Colorado Constitution and sec. 2 (d) of art. I, of the charter of Colorado Springs, that city is given full power to call special elections for voting for the issuance of all kinds of municipal obligations for public improvements.

3. *Elections.*  Sec. 126 of the charter of Colorado Springs, providing that not more than one special election shall be held in any period of twelve months, deals only with the initiating and referring of ordinances, and has no application to a special election called for the purpose of voting bonds for public works.

4. *Elections—Regularity.*  Mere informalities of the election officers in holding, ascertaining and declaring the result of a bond election, will not vitiate an election otherwise fair and impartial.

5. Pleadings—*Elections.*  A complaint attacking the regularity of a special municipal election for voting bonds, which does not allege facts showing the irregularities complained of changed the result of the election, does not state a cause of action.

*Error to the District Court of El Paso County, Hon. John W. Sheafor, Judge.*

Mr. J. W. Kriger, Mr. J. F. Sanford, for plaintiff in error.

Mr. J. L. BENNETT, Mr. VICTOR W. HUNGERFORD, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit to enjoin the City of Colorado Springs and the officers thereof from issuing bonds and advertising for and letting contracts for paving certain streets, pursuant to a special election held September 8, 1920, in accordance with an ordinance passed August 4, 1920.

The trial court sustained a demurrer to the amended complaint. The plaintiff electing to stand on the complaint, the suit was dismissed, and he brings the cause here on writ of error.

The principal question presented by the record is whether the city had the right to hold the special election. The plaintiff in error contends that there is a "total absence of any provision of the Constitution and the City Charter authorizing the special election."

The provisions of Section 6 of Article XX of the Constitution of Colorado are broad enough to authorize the defendant city to pass the ordinance, and hold the special election, involved in this case, or to sustain any Charter provision under which the city could have acted.

Section 2 (d) of Article I of the Charter of Colorado Springs provides that the city "shall have power to issue bonds upon the vote of the tax paying electors, at any special or general election, in any amount necessary to carry out any of said powers or purposes," which the city has or may carry out. Among the powers enumerated in a preceding part of that section is included the right to "construct" or "add to" * * * "any public works or ways." This language is broad enough to include paving a street. The term "public works" may include works either of construction or adaptation undertaken to subserve some purpose of public convenience. Black's Law Dict. 1231. In *Seibert v. Cavender,* 3 Mo. App. 421, 426, under a charter provision that "the Council shall have no power directly

to contract for any public work," the term "public work" was held to include the paving of streets.

Section 2 (f) of Article I of the Charter provides that the City shall have all the powers which "by or pursuant to the Constitution of this State, have been or could be granted to or exercised by any city of the first class."

The constitutional and charter provisions above cited authorize the ordinance and the special election in question, and we conclude that the city is given full power to call special elections for voting for the issuance of all kinds of municipal obligations for public improvements.

The plaintiff in error cites Section 126 of the Charter which reads as follows: "There shall not be held under this Article of the Charter, more than one special election in any period of twelve months." The complaint alleges the holding of another special election on July 6, 1920. Such allegation was immaterial, and the section above quoted has no application in this case. It appears in Article XV, which deals with the Initiative, and that is the article referred to in the section. Section 126 refers to special elections which are held for the purpose of submitting initiated ordinances. The ordinance involved in the instant case was not an initiated or referred ordinance, and the special election was not held under any provision of Article XV.

The remaining questions in this case relate to alleged irregularities in the conduct of the election. Mere informalities of the election officers in holding, and ascertaining and declaring the result of a bond election, will not vitiate an election otherwise fair and impartial. 28 Cyc. 1591. The complaint does not allege facts showing that the irregularities complained of changed the result of the election. In these regards the complaint does not state a cause of action. 20 C. J. 231, sec. 298; *Todd v. Stewart,* 14 Colo. 286, 23 Pac. 426; *City of Loveland v. Western Co.,* 65 Colo. 55, 173 Pac. 717.

The relief sought is predicated wholly upon the alleged invalidity of the special election of September 8, 1920. The

allegations of the complaint do not state sufficient facts to show that such election was invalid, and therefore there is no cause of action alleged. The demurrer was properly sustained. The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE TELLER agrees with the conclusion.