## No. 17,589.

### ARTHUR SUTTLE *v.* FRED SULLIVAN.

(283 P. [2d] 636)

Decided May 9, 1955.   Petition for rehearing stricken May 31, 1955.

Mr. JOHN P. O'ROURKE, for plaintiff in error.

Messrs. BRYANT, PETRIE & WALDECK, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS case, from the county court of Montrose County, involved an election contest for the office of county commissioner for District 2, Montrose County, arising out of the general election of November 2, 1954. Plaintiff in error was the contestor in the trial court and defendant in error the contestee. Contestor's statement of contest and the required cost bond were regularly filed. Contestee filed his answer and a counter statement of contest, together with his motion to strike contestor's statement of contest; then was filed contestor's reply to contestee's counter statement of contest.

The trial court heard contestee's motion to strike and dismiss contestor's statement of contest, granted same and entered a judgment of dismissal. A writ of error was procured from this Court for a review of said judgment.

The election statutes here involved are sections 286, 283 and 284, c. 59, C.S.A. '35 (C.R.S. '53, c. 49-17-4, 1, 2),

"Section 286. The contestor shall file, in the office of the clerk of the county court, within ten days after the day when the votes are canvassed, a written statement of his intention to contest the election, setting forth the name of the contestor, that he is an elector of the county; the name of the contestee, the office contested; the time of the election, and the particular cause or causes of the contest; which statement shall be verified by the affidavit of the contestor, or some elector of the county, that the causes set forth in such statement are true, as he is informed and verily believes."

"Section 283. The election of any person, declared duly elected to any county office, except the office of county judge, may be contested by an elector of such county:

"First—* * *

"Second—When illegal votes have been received, or legal votes rejected, at the polls, sufficient to change the result.

"Third—For any error, or mistake, in any of the boards of judges, or canvassers, in counting or declaring the result of the election, if the error, or mistake, would affect the result.

"Fourth—For mal-conduct, fraud, or corruption on the part of the board of registry, or judges of election, in any precinct, or ward, or any of the boards of canvassers, or on the part of any member of such boards.

"Fifth—For any other cause (though not above enumerated), which shows that another was the legally elected person."

"Section 284. The matter contained in the second, third, fourth and fifth causes of contest shall not be held sufficient to set aside the election unless such causes be found sufficient to change the result."

Contestor's statement of contest contains fourteen grounds which, except for persons named, may be grouped and considered under four heads.

FIRST (1) That the county clerk and his deputy illegally and fraudently issued to one hundred ten named persons absent voters ballots, and thereafter delivered same to the several election judges for the general election of November 2, 1954, said persons *not having applied for same* under section 215, c. 59, C.S.A. '35.

(2) That said officials illegally and fraudulently issued absent voters ballots and received same from five named persons and delivered same to the election judges when said persons did not apply therefor *until November 1st, 1954,* whereas the deadline for so applying was October 30, 1954.

(3) That said officials illegally and fraudulently issued and received absent voters ballots from two named persons and delivered same to the election judges when said persons *applied therefor on July 18, 1954,* whereas

no application therefor could be received before August 4, 1954.

(4) That said officials illegally and fraudulently issued and received absent voters ballots from eight named persons and delivered same to the election judges, when the written *applications were not signed by said persons,* but by someone else.

(5) That said officials illegally and fraudulently issued and received absent voters ballots from twenty-five named persons and delivered same to the election judges when the written applications *did not state the residence address* of applicant and did not state applicant will be or *likely to be absent* from the county on election day or because of illness, physical disability or for religious doctrines.

SECOND. That said absent voter ballots: (6) of one hundred ten named persons "were illegally and fraudulently *received and voted* by the judges;" (7) of five named persons were illegally and fraudulently *received and voted* by the judges; (8) of two named persons "were illegally and fraudulently *received and voted* by the judges;" (9) of eight named persons "were illegally and fraudulently *received and voted* by the judges * * *;" (10) of twenty-five named persons "were illegally and fraudulently *received and voted* by the judges * * *." [All emphasis supplied.]

At the conclusion of each of the aforesaid ten causes of contest appears the statement:

"* * * the returns from the absent voters polling place should be excluded, * * * if said absent voters ballots are rejected and excluded, the said Arthur Suttle will be the winner of said election contest and Fred Sullivan will be the loser."

THIRD. (11) "That the counting judge in precinct 13 * * * illegally and fraudulently *rejected two or more votes* which were legally cast, which votes, if counted, would have increased the total number of votes cast for the contestor."

FOURTH (12), (13) and (14) "That the receiving judges" in precincts 1, 2 and 3 illegally and fraudulently received ballots from one named person in each precinct "who were *not residents of said precinct.*"

Contestor, in each of his causes of contest (1 to 10) prays the court to "reject, exclude and throw out all absent ballots cast and that Arthur Suttle be declared the winner;" in cause (11) prays "for a recount of the votes cast in Precinct No. 13;" in causes (12), (13) and (14) prays that the court "reduce the number of votes cast for the said Fred Sullivan, contestee, by rejecting the votes of the persons named" in the 12th, 13th and 14th causes and "declare the contestor, Arthur Suttle, to be elected * * *."

Contestee's answer was a general denial and counter statement of contest. Contestee's motion to dismiss contestor's statement of contest was upon the grounds: The statement of contest (1) did not contain the necessary allegations and statements required by election laws; (2) did not contain a sufficient statement of contest or sufficient, particular cause or causes of contest for which relief can be granted; (3) failed to set forth sufficient allegations or causes of contest to give the court jurisdiction; (4) failed to set forth sufficient allegations to enable contestee to properly plead thereto; (5) that none of the fourteen causes of contest contains facts to comply with the statute and neither thereof sets forth facts sufficient to constitute a separate, proper and legal cause of contest upon which any relief can be granted.

The findings of the trial court granting contestee's motion to dismiss are in part:

"* * * The statement of contest fails to contain any allegations as to the number of candidates for the office of County Commissioner in said election, the number of votes cast, the number of votes received by each candidate, or the total number of absentee votes cast, and the number of absentee votes received by each candidate. In the different grounds of contest alleged in which il-

legal votes are named, the Statement of Contest fails to indicate for which candidate the alleged illegal votes were cast."

"Sections 283 and 284, ch. 59, '35 C.S.A., as amended, require that the grounds for contest, relied on by contestor in this proceeding, must be sufficient to change the result of the election. It is the Court's opinion that ultimate facts must be alleged from which the result of the election can be determined and from which it can be determined whether or not the alleged illegal votes, if rejected, would affect the result of the election. The contestor must allege more than mere conclusions. *Todd v. Stewart* (14 Colo. 286, 23 Pac. 426); *Schwartz v. County Court* (14 Colo. 44, 23 Pac. 84). From the allegations in the Statement of Contest, it is impossible to determine who received the greater number of votes, by how many votes one candidate won over another and how many votes and what number of votes must be proven illegal in order to change the result of the election. If all of the absentee ballots are to be rejected and if all of the named illegal voters' ballots are to be rejected, it is not shown in the Statement of Contest that this would change the result of the election."

"It is settled law the entire vote of a precinct will not be rejected or thrown out for the reason that certain votes were illegally accepted and counted where it is possible, with reasonable certainty to separate the legal from the illegal votes. *Vigil v. Garcia,* 36 Colo. 430, 87 Pac. 543. * * * In the case at bar, in the first ten grounds of contest, the alleged illegal voters are set forth by name and under proper procedure, each alleged vote if illegal may be separated with reasonable certainty from the balance of the votes cast.

"The motion to dismiss is granted, said action is dismissed with costs for the contestee."

Contestor's motion for a reconsideration of the order for dismissal was denied.

From the pleadings, the court determined that contes-

tor's statement of contest failed to state a claim upon which relief could be granted; further determined that the illegal votes, if any, being identified by name, may be separated from the balance of the votes cast, hence the entire vote of such precinct may not be thrown out, citing *People ex rel. v. Lindsey,* 80 Colo. 465, 477, 253 Pac. 465.

Contestor urges that a dismissal on the pleadings is different from a dismissal after the presentation of evidence. The dismissal in the present case was on the pleadings. In general, an election contest alleged in the words of the statute is sufficient; however, some contest statements, from the nature of the cause, require additional allegations of facts sufficient to show there would be a change in the result of the election. Where more than the required terms of the statute is alleged, and all being considered together fail to state a cause of contest, and where it failed to allege facts "that, by reason of the illegal casting or rejection of votes, the result is different from what it otherwise would have been, the contest proceedings should not be entertained." *Todd v. Stewart, supra.* "* * * the evident purpose of this statute is to require each party to give the other notice of the names of such persons as he claims illegally voted for his competitor, and of those whose votes for himself were illegally rejected." *Schwartz v. County Court, supra.* Where the complaint does not allege facts showing that the irregularities complained of changed the result of the election, in these regards the complaint does not state a cause of action. *Todd v. Stewart, supra.* "An election will not be set aside for irregularities unless they affect the result of the election." *City of Loveland v. Western Light & Power Co.,* 65 Colo. 55, 59, 173 Pac. 717; *Clough v. City of Colorado Springs,* 70 Colo. 87, 89, 197 Pac. 896.

Contestor's statement of contest, causes 1 to 10, each ending with "if said absent voters ballots are rejected and excluded, the said Arthur Suttle will be the winner of said election contest and Fred Sullivan will

be the loser," is a conclusion of the pleader, not based on any allegation of facts to support such a conclusion. Without alleging some factual support, the conclusion is legally insufficient. *People ex rel. v. Mitchell,* 88 Colo. 102, 104, 292 Pac. 228.

In cause 11, concerning the "two or more votes" illegally rejected which, "if counted, would have increased the total number of votes cast for the contestor, Arthur Suttle"—How many contestors for the office were there? What number of votes were cast for this contestor? What number cast for this contestee? What facts can be used to determine whether this contestor would be the winner in said election? The pleadings fail to supply these facts and therein are insufficient to state a cause of contest.

Causes 12, 13 and 14, concerning alleged voters who were not residents of the precincts, again—What number of votes were cast for the contestor? And for the contestee? What facts alleged can be used to determine whether the irregularities complained of would have changed the result of the election? No such ultimate facts being alleged, there was no cause of contest pleaded.

"The statement of contest, not being tied to anything specific, the trial court did not err in sustaining the special demurrer. This court has required that there shall be reasonable definiteness in statements of election contests," citing cases. *Boger v. Smith,* 77 Colo. 475, 238 Pac. 57.

In the case at bar, there are no allegations to suggest that by reason of any facts alleged the result of the election would have been changed.

The pleadings in this case support the findings and judgment of the trial court.

The judgment of dismissal is affirmed.