MR. JUSTICE GROVES
delivered the opinion of the Court.
The parties appear here in the same order as in the trial court. The plaintiffs sought to void a special election held on February 7, 1967. There a 20-year franchise was granted to Public Service Company of Colorado for use of the Denver city streets and public ways for the distribution of electricity, gas and steam. Trial was to the court, which, at the conclusion, dismissed the complaint. We affirm.
Colo. Const, art. XX, § 4 and Denver Charter § C3.1 describe the proper electorate for such an election as “qualified taxpaying electors.” Only those who had paid a property tax to the City and County of Denver during the twelve months preceding the election were permitted to vote upon the franchise. Registered, non-taxpaying voters were permitted to vote upon other propositions on the ballot. There were 204,687 registered voters. Of these, 91,691 voted at the special election. There were 76,601 who voted as to the franchise matter and, presumably, the remaining 15,090 were not permitted to vote on that question. The franchise was approved by a vote of 66,566 to 10,035, with 56,531 more “for” votes than those “against.”
The plaintiffs contend that the denial of the right to vote on the franchise by non-taxpaying electors is a denial of equal protection under the Fourteenth Amendment. While we do not reach the question, it is noted in passing that Cipriano v. City of Houma, 395 U.S. 701, 89 S. Ct. 1897, 23 L. Ed. 2d 647 (1969), and Kramer v. Union Free School District, 395 U.S. 621, 89 S. Ct. 1886, 23 L. Ed. 2d 583 (1969), which are cited here in support of reversal, were announced subsequent both to the election and the trial court’s determination.
*131 The trial court ruled that Denver’s election commission improperly defined the term “qualified taxpaying electors.” It held, nevertheless, that relief of voiding the election could not be granted because there was no allegation and showing that, absent the illegality, the result would have been otherwise.
We agree with this latter ruling, except that the allegation and showing need only be that the result could have been, and not would have been, otherwise. Suttle v. Sullivan, 131 Colo. 519, 283 P.2d 636 (1955); Clough v. Colorado Springs, 70 Colo. 87, 197 P. 896 (1921); City of Loveland v. Western Light and Power Company, 65 Colo. 55, 173 P. 717 (1918); and Todd v. Stewart, 14 Colo. 286, 23 P. 426 (1890). If the 15,090 who were not allowed to vote on the franchise had been permitted to do so, and all had voted against it, the franchise would still have been approved.
The plaintiffs have argued that advance advertising to the effect that non-taxpaying electors could not vote on the franchise caused many non-taxpayers to fail to go to the polls. These non-voters, they say, might have appeared and defeated the franchise. No showing was made as to how many of the registered voters were not taxpayers; nor was there any evidence that any persons were discouraged from voting by reason of the advance advertising. To be successful, plaintiffs would have to predicate their case upon these showings.
The plaintiffs contend that there was a stipulation between the parties, which eliminated the necessity for plaintiffs to show that the vote could have been different. Both in their brief and in oral argument the plaintiffs referred to many folio numbers in the record at which such a stipulation could be found. We fail to find any such stipulation at the folio references or in the remainder of the record.
Judgment affirmed.