## No. 26983

**Craig Jardon, Ann Jardon, Diana Johnson, Dale Trbovich, and Janet Trbovich v. Meadowbrook-Fairview Metropolitan District, and LeRoy Dereau, Marlene Stanley, Owen Graff, Gilbert Saint Germain, and Gerald Burke, as individuals and as directors**

(549 P.2d 762)

Decided May 10, 1976.

· Clark, Martin & Pringle, Jonathan C. S. Cox, for plaintiffs-appellants.

Tallmadge, Tallmadge, Wallace & Hahn, David J. Hahn, C. Thomas Bastien, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants appeal from an adverse ruling of the district court, which dismissed their complaint challenging the validity of a sewer bond election held in the Meadowbrook-Fairview Metropolitan District. We affirm.

The district, organized pursuant to Title 32, C.R.S. 1973, is located in Jefferson County. An election was held on June 3, 1975, to determine whether the eligible electors of the district would approve the financing and construction of a new sewage system. A canvass of the votes revealed that the bond question had passed by a margin of 66 votes, the vote being 261 in favor, and 195 opposed.

Within the thirty days required by statute, section 32-1-840, C.R.S. 1973, appellants filed their statement of intent to contest the election in the district court, and the issue was tried to the court. Appellants challenged the election on the ground that numerous violations of the applicable election laws, sections 32-1-801, *et seq.*, had occurred.

At trial, evidence was presented to the effect, *inter alia*, that the district election judges did not have copies of the election laws and were unfamiliar with the applicable law, procedure, and instruction for the election, in violation of section 32-1-810, C.R.S. 1973; that they were compensated in excess of statutory limits; that an insufficient number of printed ballots was prepared, with the result that over a hundred hand-printed ballots which failed to conform to the form of the original ballots were used; that the voting place, a private home, was not so arranged as to provide a private place for voters to mark their ballots; that the use of leaded pencils was allowed in the marking of ballots instead of ink or indelible pencil as required by statute; that a brochure was circulated prior to the election by the district, which contained the wrong date of the election (though this error was later corrected); and that the absentee ballot applications failed to comply with statutory requirements.

Appellants also sought to establish at trial that the district board had failed to comply with statutory and constitutional notice requirements in that it caused notice of the election to be published only in local newspa-

pers which would not be likely to reach many of the potential eligible voters. Finally, appellants attempted to challenge the qualifications of the officers of the district, alleging that they had failed to file an oath and bond, and invoking the rule that an election must be conducted by lawful authorities.

In its findings of fact and conclusions of law, the trial court held that, although certain errors were made by election officials, no fraud was shown, no votes were changed because of the irregularities, and that the notice given was adequate to comport with statutory requirements.

## I.

Appellants, on the day of the trial, filed a motion for summary judgment with supporting affidavits which alleged that the directors of the district had failed to take their oaths of office or to furnish bonds, with the result that their offices were to be deemed vacated, section 32-1-846. It is argued that if unauthorized persons assume to act as election officials and undertake to hold an election, such action cannot be regarded as valid.

The district objected to this motion on the ground that it had not been given notice of the motion, or opportunity to respond to it, and on the further ground that the motion raised new issues beyond those contained in the pleadings. The trial court sustained the objection. We agree with the court's ruling.

C.R.C.P. 56(c) provides that motions for summary judgment "* * * shall not be heard until at least ten days after the service thereof. The adverse party prior to the day of hearing may serve opposing affidavits. * * *"

This ten-day provision was included in the rule specifically to avoid the problem created by the tardy filing of such a motion, such as occurred here. It is essential that in order to avoid surprise and to allow for a full and considered response, the party against whom the motion is directed be allowed the full period in which to serve his affidavits, *see Enochs v. Sisson*, 301 F.2d 125 (5th Cir. 1962).

## II.

Appellants also challenge the validity of the election on the ground that their statutory and constitutional rights were violated by a defective notice of election and insufficient publication of the notice. We do not agree.

Appellants allege, first, that the publication did not describe the election precinct boundaries; second, that it was published in two newspapers of very limited circulation in Jefferson County, despite the fact that qualified electors lived throughout the state; and third, that a pamphlet sent out to the electors by the district contained the wrong election date.

The trial court found that the publication requirements of section 32-1-802(5) were satisfied. We agree. The statute does not require publication in newspapers of state-wide circulation, and the requirement

of section 32-1-809, that notice be given of the boundaries of election precincts, had no applicability to the present election since the entire district was one precinct and all voting occurred at one place. The notice requirement concerning precinct boundaries applies to multiple precinct districts, so that voters may be informed where they must go to cast their ballot.

 In our view, minimal statutory notice requirements were satisfied. That the brochure included a wrong election date on the cover of the brochure is not decisive. At a pre-election meeting, this error was repeatedly called to the attention of those present and the correct date announced. Further, the text of the brochure at four different points correctly stated that the election would take place on June 3, 1975. Moreover, brochures with the corrected date were mailed to some nine hundred eligible voters. There was no evidence that any qualified elector failed to vote because of the incorrect date in the brochure.

 In our view, the notice provisions of the statute are reasonably designed to give fair and adequate notice to the electors of the district and are not constitutionally deficient in this respect. The record does not support any contention that appellants' rights were unconstitutionally infringed.

## III.

The trial court noted that the election procedure was not as meticulous as it should have been. Appellants argue that the several statutory violations constitute a breach of duty by the directors, and that but for the presence of these violations the outcome of the election would have been different. The district replies that the errors, if such they be, did not affect the outcome of the election and are therefore not sufficient to justify setting it aside.

We take note of the fact that there is no allegation of illegal votes being received or of legal votes being rejected. It is not suggested that any error occurred in the counting of the votes or the declaring of the result. Nor was it contended that the election was tainted by any fraud or corruption.

The issue posed relates, therefore, to the effect of violations concededly not involving fraud upon the validity of a special district election. Section 32-1-840 deals with contests of such elections and provides in relevant part that:

"* * * [i]n such [contests] the rules of practice and procedure in contested elections in sections 1-10-110 to 1-10-114, C.R.S. 1973, shall apply as far as applicable."

Section 1-10-110(3) requires that the contestor file

"* * * a written statement of his intention to contest the election, setting forth the name of the contestor, that he is an elector, * * * the name of the contestee, * * * the time of the election, and the *particular causes of the contest.* * * *" (Emphasis added.)

The "causes of contest" are set forth in section 1-10-101, and are, we hold, insofar as applicable, incorporated by reference into section 1-10-110(3) and hence also into section 32-1-840.

On the basis of appellants' allegations, the only one of these causes which could conceivably apply is that contained in section 1-10-101(1)(d), relating to "malconduct" by election officials "sufficient to change the results."

██ It has been established in numerous decisions in this court that no election will be set aside unless the alleged irregularities might affect the result. *DeMoulin v. Denver*, 177 Colo. 129, 495 P.2d 203, *cert. denied*, 409 U.S. 934, 93 S.Ct. 232, 34 L.Ed.2d 188; *Suttle v. Sullivan*, 131 Colo. 519, 283 P.2d 636; *Clough v. Colorado Springs*, 70 Colo. 87, 197 P. 896; *City v. Western Co.*, 65 Colo. 55, 173 P. 717; *Todd v. Stewart*, 14 Colo. 286, 23 P. 426.

██ The trial court found, and we believe that the record sustains this finding, that none of the irregularities changed the election results, or caused any voter to change his vote. The only irregularity which merits special attention is that relating to the applications for absentee ballots. Absentee voter statutes must be strictly construed, and a voter who wishes to cast such a ballot must comply exactly with all applicable statutory requirements. *Aspen v. Howell*, 170 Colo. 82, 459 P.2d 764; *Bullington v. Grabow*, 88 Colo. 561, 298 P. 1059. Of the 456 ballots cast, 57 were absentee ballots. The bond issued passed by 66 votes. Even if all absentee votes were to be voided, the bond would still have been approved by a majority of at least 9 votes. We therefore hold that appellants have failed to sustain their burden of showing irregularities which could reasonably have affected the outcome of this election.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.