## No. 11,181.

### BOGER *v.* SMITH.

Decided June 1, 1925. Rehearing denied July 6, 1925.

Election contest over the office of county judge. Judgment of dismissal.

*Affirmed.*

*On Application for Supersedeas.*

1. ELECTIONS—*Contest—County Judge.* Election contest over the office of county judge, comes under rule 85 of the Supreme Court.

2. *Contest—Pleading.* There must be a reasonable definiteness in the statement of an election contest.

3. PLEADING—*Election Contest—Complaint—Demurrer.* A complaint or statement of contest not vulnerable to a general demurrer, may be assailable on other grounds, e. g., that it is ambiguous, unintelligible and uncertain.

4. ELECTIONS—*Contest—Recount.* Contestor in an election contest has no absolute and unqualified right to have ballot boxes opened and a recount of ballots.

5. *Contest—Pleading—Presumption.* In an election contest, the contestor should be able to show some good reason for the contest, and in the absence of some definite and specific assertion, the Supreme Court will assume that there are none to be made.

*Error to the District Court of Kit Carson County, Hon. Wilbur M. Alter, Judge.*

Mr. HARRY S. CLASS, Mr. LOUIS VOGT, Messrs. GODSMAN & GODSMAN, for plaintiff in error.

Mr. J. E. McCALL, Mr. S. E. MARSHALL, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS is a companion case to *Gray v. Huntley,* 77 Colo. 478, 238 Pac. 53 decided at this time. This case involves the office of county judge of Kit Carson county, and came here from the district court there; the other was over the office of county commissioner for the third commissioner's district of the same county and was tried in the county court.

This case, being a contest over the office of county judge, comes under rule 85 of this court, which was adopted pursuant to the authority contained in Comp. Laws 1921, §§ 7773, 7774, 7776 and 7777. The other, for county commissioner, falls under the provisions of Comp. Laws 1921, § 7794 et seq.

Smith, the contestee in this action, defeated Boger, the contestor for county judge at the last general election by a majority of 57 votes, and was awarded a certificate of election. Boger filed a contest in the district court; the court sustained a demurrer to the statement of contest and dismissed the case. Contestor brings error and asks for a supersedeas.

The complaint contained general allegations of mistakes and errors by the judges and clerks of election in eighteen election precincts, repeating the same general allegation as to each precinct. No mistakes or errors were charged upon the part of the canvassing board in canvassing the returns. How many candidates there were for the office of county judge, or what was the total vote cast at the election in question for that office does not appear. The court held that the allegations were too general, and not

sufficient to apprise the contestee of any of the alleged errors of which the contestor complains.

The statement of contest, not being tied to anything specific, the trial court did not err in sustaining the special demurrer. This court has required that there shall be a reasonable definiteness in statements of election contests. *Smith v. Harris,* 18 Colo. 274, 32 Pac. 616; *Todd v. Stewart,* 14 Colo. 286, 23 Pac. 426.

Contestor cites *Collins v. Heath,* 76 Colo. 600, 233 Pac. 838, as an example of. what states a good cause of action in an election contest over a county office. That case, although decided on other grounds, held that certain general allegations were good on general demurrer. The seventh ground of demurrer, that the statement of contest was ambiguous, unintelligible and uncertain, was pleaded in the case at bar. A complaint or statement of contest not vulnerable to a general demurrer, may be assailable on other grounds. In this case the seventh ground was well pleaded.

Other points raised in *Gray v. Huntley, supra,* like the two Kliewer votes, are raised here. The statements made there apply in this case, nor would the Kliewer votes affect the result of this action if they were both given to contestor, for the contestee would still have a substantial majority.

The briefs and arguments in this case are substantially the same as in *Gray v. Huntley.* The pleadings and briefs indicate the primary objectives of the respective objectors in each case to be the same, that is, by general, vague and indefinite allegations of mistakes and errors, to procure a complete recount of the ballots in eighteen election precincts, just as a "matter of right", and to thereby ascertain whether or not the statements of contest state facts, about which the contestor was merely suspicious, and unwilling to accept the final returns of the sworn election officials as conclusive.

No such absolute and unqualified right to open the ballot boxes exists, for the reasons stated in *Gray v. Hunt-*

*ley.* The rights of the public and the contestee, as well as those of contestor, must be considered and the contestor should be able to show some good reason for a contest before he starts it, and in the absence of some definite and specific assertion, we must assume that there are none to be made.

The consideration of other points raised is not essential to this decision.

There being no reversible error, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.