## No. 11,182.

### GRAY *v.* HUNTLEY.

Decided June 1, 1925. Rehearing denied July 6, 1925.

Election contest. Judgment for contestee.

*Affirmed.*

*On Application for Supersedeas.*

1. ELECTIONS—*Voters—Students.* Students attending school in a county other than that of their residence, are not, by virtue of such attendance, qualified electors of the county in which the school is located.

2.  *Voters—Students.* Persons temporarily located in a place for the purpose of attending school, retain their status as voters of the county of their residence.

3.  *Canvassers—Meetings.* A board of canvassers having met, counted the ballots and adjourned, may reconvene to canvass votes subsequently received by mail.

4.  *Contests—Statutes.* Election contests for county offices, except

for the office of county judge are governed by statute, C. L. '21, § 7794, et seq.

5.      *Contests—Pleading—Amendments.*  No new cause of action or contest can be set up by way of amendment, in an election contest case, in the absence of a statute permitting it.

6.      *Contests—Evidence.*  In an election contest over the office of county commissioner, evidence of errors made in the count of votes for other officers held immaterial and properly excluded.

7.      *Contests—Recount—Court Discretion.*  A party to an election contest is not entitled, as a matter of right, to have ballot boxes opened and a recount made.  Before such an order can be properly made, there must be some preliminary evidence supporting the alleged charges, and then the matter is within the sound legal discretion of the trial court, the exercise of which is ordinarily held to be final on review.

*Error to the County Court of Kit Carson County, Hon. P. O. Hedlund, Judge.*

Mr. HARRY S. CLASS, Mr. LOUIS VOGT, Mr. G. W. KLOCK-ENTEGER, for plaintiff in error.

Mr. J. E. McCALL, Mr. S. E. MARSHALL, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFF in error, contestor, challenges the right of defendant in error, contestee, to the office of county commissioner in Kit Carson county.  They were opposing candidates at the general election held on November 4, 1924. After the election, the county board of canvassers canvassed the vote and on November 15, 1924, made an abstract of votes, which showed that Gray, the contestor, had received 1797 votes, and Huntley, the contestee, 1796 votes.  No certificate of election was made or delivered to Gray.  Later, two absentee votes of one Kliewer and his

wife came by mail from Boulder; they being in favor
of Huntley, it changed the result of the election, giving
Huntley the majority. The board of canvassers on No-
vember 21, 1924, reconvened, canvassed the two absent
votes, added them to the abstract, which resulted in show-
ing 1797 for Gray, the contestor, and 1798 for Huntley,
the contestee. The county clerk thereupon issued a cer-
tificate of election to the contestee. The contestor filed
a statement of contest in the county court of Kit Carson
county. Contestee filed an answer and counter-statement.
An outside judge was called in, who tried the case. As a
result of the hearing, the vote of Gray, returned by the
canvassing board, was reduced by seven ballots, leaving
his total 1790 and Huntley 1798. Huntley, the contestee,
was declared elected and judgment entered accordingly.
Plaintiff brings error.

The essential points of controversy are:  (1)  The
validity of the two Kliewer votes.  (2)  The right of
the canvassing board to reconvene and canvass such votes.
(3)  The refusal of the court to permit amendments to
the statement of contest after the action was filed.  (4)
The legality of the votes deducted from contestor's total
by the trial court.  (5)  Contestor's claim of right to open
the ballot boxes.

1.  Contestor claims that Kliewer and his wife had no
right to vote in Kit Carson county. Kliewer was a student
at the University of Colorado and while there, he and
his wife kept house together in Boulder. They were there
only temporarily, for educational purposes and had no
intention of remaining after his graduation. They were
not qualified electors in Boulder county. If, as appears
from the evidence, one or both of them at a previous elec-
tion registered or voted in Boulder, in the innocent suppo-
sition that mere attendance at school there gave them a
legal residence in Boulder county, it was their duty to
correct the error, and not to perpetuate it by continuing
to vote improperly in Boulder. They did correct it

promptly upon being advised of their rights. There is no evidence of any effort upon the part of either of them to vote in Boulder in the 1924 election, except as absentee voters of Kit Carson county. The trial court determined from the evidence that they were both qualified voters of Kit Carson county, and counted their vote there. The facts justify this decision. "The facts to establish a change of residence must be wholly independent and outside of his presence in the district as a student, and should be very clear and convincing to overcome the natural presumption". *Merrill v. Shearston,* 73 Colo. 230, 214 Pac. 540; *Kemp v. Heebner,* 77 Colo. 177, 234 Pac. 1068; 20 C. J. p. 72.

2. It was proper for the county board of canvassers to reconvene at the time that it did and to canvass the two absent Kliewer votes, received by mail, notwithstanding that it had previously adjourned without counting such absent votes. *Lehman v. Pettingell,* 39 Colo. 258, 89 Pac. 48; *Leary v. Jones,* 51 Colo. 185, 199, 116 Pac. 130.

3. As to the refusal of the court to permit amendments to petitioner's statement of contest: Contests of the election of any person, declared duly elected to any county office, except the office of county judge, are governed by statute, Comp. Laws 1921, sec. 7794, et seq. We have held before, that this act is "not only special in character, but it furnishes a complete system of procedure within itself." *Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84; *Kindel v. Le Bert,* 23 Colo. 390, 48 Pac. 641, 58 Am. St. Rep. 234. The question of amendments was reviewed at length by Mr. Justice Campbell in *Kindel v. Le Bert, supra,* and at page 394 of the opinion he announced this conclusion of the court: "Upon principle, and in the light of these authorities, we are of opinion that where the statute itself provides for amendments, but does not define their scope, those relating to formal matters, or which are made for the purpose of perfecting and completing

causes of contest comprehended within the original statement, may, upon a proper showing and if applied for within a reasonable time, be permitted; but in the absence of such a permissive statute, not even amendments of this nature can be made, and, unless there is a provision expressly so providing, no new cause of action or contest can be set up by way of amendment."

The amendment to the statement of contest for which contestor sought recognition in the instant case, and which was refused by the trial court, related to certain alleged illegal absentee votes, other than the Kliewer votes, which the contestor charged that the canvassing board had unlawfully received and counted. There is a general allegation in the proposed amendment that if the disputed votes are deducted from the legal votes, it would have been sufficient to change the result of the election and that contestor would have been elected on the face of the returns. But there is an absence of any allegation either in the statement of contest or the proposed amendment for whom these disputed votes were cast or counted.

An attempt was made to excuse the omission of any averment concerning these disputed mail votes in the statement of contest, and to justify the amendment by detailing a telephone conversation between one of contestor's attorneys from his office with a deputy county clerk while the attorney was preparing the statement of contest. The attorney construed the remarks of the deputy over the telephone as misinforming him as to what records the clerk had. This is in dispute, but he did not go to the clerk's office to ascertain the facts before completing his statement of contest; apparently no demand or serious effort was made before the filing of the statement to inspect the records and the trial court held that they were open to inspection. We find nothing in the record out of which to create an exception to the rule concerning amendments laid down in *Kindel v. Le Bert, supra.* They were properly refused.

4. Able arguments are presented on both sides as to the legality of the seven votes deducted from contestor's total by the trial court. Wholly independent of the reception of evidence concerning which there may be any difference of opinion as to its admissibility, we think that there was ample other testimony to sustain the findings of the court as to such votes.

5. Counsel for contestor asserts that the trial court should have directed that the ballot boxes be opened upon his request, as a matter of right.

The authority to open ballot boxes in cases of contested elections is contained in the following part of section 8, article 7, of our Constitution: "In all cases of contested elections in which paper ballots are required to be used, the ballots cast *may* be counted and compared with the list of voters, and examined under such safeguards and regulations as may be provided by law."

This court has never attempted to change and has no right to change the permissive word, "may," in the above section to the mandatory word, "must", without due regard to proper "safeguards and regulations" further therein referred to. To do so would be to promote unending chaos after every election. In *Kindel v. Le Bert, supra,* the trial court was commended for the "reasonable requirement" imposed, that some evidence should be first introduced as to the charges, before bringing in from the different precincts, the election judges with their keys to open the ballot boxes at the expense of the county. The order was held to be within the legal discretion of the trial court, and that the discretion was wisely exercised.

In the instant case, as in *Kindel v. Le Bert, supra,* the court did not at first absolutely refuse an order to open the boxes. The contestor was given the same opportunity as there, subject to the same conditions, but the court finally found that no facts were proven and no admissible evidence offered under the statement of contest sufficient to justify the request. Was this correct?

Counsel for contestor says in his brief: "Of course it is impossible for any mortal to tell without an examination of the ballots just what will be disclosed by the recount." Notwithstanding this frank statement, contestor offered at the trial to prove by a witness unacquainted with the contents of the boxes, that if they were opened in each and every one of the eighteen election precincts, it would disclose such errors and mistakes in the count as to change the entire election.

We choose to give greater weight to the statement in the brief of counsel for contestor, than to this large and ambitious offer. The trial court was not required to beguile itself into the belief, that any human witness, however gifted, but not knowing the contents of the boxes in any of the eighteen election precincts, and not having examined them, possessed such occult powers or penetrative vision as to be able to inform the court in advance what the opening of the boxes would show. It was more of a general guess than a proper offer of proof preceded by some necessary preliminary evidence. Apparently the trial court regarded it as a mere pass key to a recount, or only as a hopeful but uninspired and illogical prophecy that there must have been something wrong on the inside of the boxes, there being nothing wrong on the outside. "Justice does not require that courts profess to be more ignorant than the rest of mankind." 15 R. C. L. p. 1057.

Contestor further offered to prove by a witness, Mrs. Boger, that many errors were made in the count of the vote for presidential electors, justices of the peace and initiated laws. Whether these would have affected the result as to such other offices or as to such laws, does not appear, nor is it material here, as such matters were wholly beyond the range of the issues between the parties to this contest.

Mrs. Boger, by whom contestor wished to prove the above immaterial matters, had been on the witness stand before; she had been examined and excused; she offered no

instance of any errors in the vote for county commissioner; in fact, as a member of the canvassing board, she had certified that the abstract of votes from the several voting precincts of Kit Carson county were true and correct; there was no contradiction of the previous testimony by Mrs. Guthrie, county clerk, to the effect that three members of the board, consisting of herself, Mrs. Frisbee and Mrs. Boger, the latter two being justices of the peace, had tallied the lists; that they were checked and rechecked and no mistakes found in any of them, and that all three members of the canvassing board, including Mrs. Boger, had signed the returns. No fraud or tampering with the ballot boxes was charged; the statement of contest did not even allege any error, mistake or omission on the part of the canvassing board, except in the mail vote, discussed elsewhere in this opinion. The court very properly declined Mrs. Boger's testimony as to alleged errors in the count of the vote for presidential electors, justices of the peace and initiated laws.

Aside from the question of the Kliewer votes, which were properly counted, it would seem that the contestor brought his action under the supposition that he was entitled, as a matter of right, without introducing the necessary preliminary evidence, to demand, in any case, that the ballot boxes must be opened upon his request. In this he was wrong. We have stated what is first required.

Contestor's counsel quotes the following excerpt from section 7802, Comp. Laws, 1921: "In all cases where there has been an error in the canvass of the vote there shall be a recount of the ballots in such ballot box, and the determination shall be in accordance with such recount."

The statute appears to us to bear the opposite construction from that contended for. It says, "Where there has been an error," not "Where an error is alleged." The rule so long followed in this state to require preliminary proof as a condition to the opening of the boxes is in keeping with the statute.

The liberal extent to which the trial court was willing to go to comply with contestor's request to open the boxes was indicated by the court's remark that if the Kliewer votes had developed to be as alleged in the statement of contest, the order would have been made.

We shall put no stumbling block in the way of any full and fair investigation in any election contest, nor discourage any trial court in the exercise of a sound legal discretion in ordering a recount of the ballots when justice so requires under a different state of facts that we cannot anticipate. The exercise of such legal discretion, when within the limits of the Constitution and statutes, as in this case, are ordinarily held to be final on review when wisely exercised as it was here. There was no abuse of discretion in this case for this court to correct. Our conclusion here is the same as in *Kindel v. Le Bert, supra.*

To order the opening of ballot boxes in every election contest, and to order a recount of the ballots in every case merely because it is asked, without a proper basis therefor, would invite a contest after every election, no matter how honestly and efficiently conducted. It would discredit, without cause, the certificates of sworn election officials and make a farce of their labors. There must be a ground work or basis for the contest in its incipiency.

The election contest statutes are not to be regarded as mere fishing licenses for contestors to ascertain the correctness or incorrectness of their statements of contests, nor only as rod and tackle for venturesome sportsmen to hold in their hands and whip an unpromising stream of adverse ballots, in the hope of landing a mess of frauds and errors for their waiting skillets.

This was a close race between two popular candidates for the office of county commissioner, and a keen public interest was manifested. The trial court found that the election officials acted honestly and efficiently. The returns, duly signed by the canvassing board, composed of

persons of opposite political faith, show that the contestee was elected.  The contest developed a larger majority for the contestee than he had at first, with no mistakes in the count to change the result, and we find no reversible error in the record.

For the above reasons the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.