## No. 12,655.

### Winters *v*. Pacheco et al.
(292 Pac. 1061)

Decided September 22, 1930. Rehearing denied October 27, 1930.

Mr. Albert L. Moses, Mr. Ralph L. Carr, for plaintiff in error.

Mr. J. H. Thomas, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

At the regular school election on May 5, 1930, in school district No. 28, in the county of Conejos, Frank Winters, plaintiff in error, hereinafter referred to as contestee, and Faustin Pacheco, one of the defendants in error, hereinafter referred to as contestor, were two announced candidates for the office of treasurer of the district. According to the return of the judges of election, contestee received 66 votes, was declared elected, and immediately thereafter qualified, while the contestor received 65 votes. Timely and appropriate proceedings were instituted by the contestor in the county court of Conejos county to contest the right of the contestee to his certificate of elec-

tion, and the county judge, upon the trial, determined that an error had been committed by the judges of election in counting one of the ballots, found to have been counted for the contestee, and thereupon determined that the election had resulted in a tie, and neither contestor nor contestee was elected to the office of treasurer of the district. The contestee objected to the judgment of the court, and brings the cause here for review, relying upon two alleged errors: (1) The opening of the ballot box; (2) the determination that the single ballot questioned was illegible and indecipherable.

It was conceded that, if the questioned ballot was illegible and indecipherable, and by reason thereof should not have been counted for either party, the election resulted in a tie. The contestor alleged: "* * * some person had voted a ballot which was wholly illegible and unintelligible, and that the intention of said voter was not and could not be determined therefrom; that notwithstanding the illegibility and unintelligibility of said ballot a majority of the judges of election arbitrarily and corruptly counted said unintelligible ballot for the contestee," and that the counting of this one ballot changed the result of the election. At the trial the allegation with respect to the questioned ballot was supported by the testimony of two witnesses called on behalf of the contestor. These witnesses both testified that they had seen the questioned ballot; had carefully examined the same, and that it was absolutely illegible, and could not be read, notwithstanding which, the judges of election counted it for the contestee. After this evidence was offered, upon motion of the contestor, and over the objection of the contestee, the ballot box was ordered produced and opened, and the questioned ballot removed therefrom, and offered and received in evidence. The contestee, as we understand his contention, protests that a proper foundation had not been laid for opening the ballot box, but with this we cannot agree.

In *Gray v. Huntley,* 77 Colo. 478, 486, 238 Pac. 53, it was said: ''We shall put no stumbling block in the way of any full and fair investigation in any election contest, nor discourage any trial court in the exercise of a sound legal discretion in ordering a recount of the ballots when justice so requires under a different state of facts that we cannot anticipate. The exercise of such legal discretion, when within the limits of the Constitution and statutes, as in this case, are ordinarily held to be final on review when wisely exercised as it was here.''

Counsel for contestee asserts that under the provisions of section 7802, C. L. 1921, the proof was insufficient to justify the court in ordering the ballot box opened and the ballot produced. The proof as to the illegibility of the ballot was as sufficient as could be expected from witnesses, and certainly was ample preliminary proof.

In *Gray v. Huntley, supra,* at page 485, it is said: ''The rule so long followed in this state to require preliminary proof as a condition to the opening of the boxes is in keeping with the statute.''

█ Everything should be done to accord the people the right of a free and uninfluenced selection of public officials, and every effort should be accorded that the right of franchise might be freely exercised. Ballot boxes should not be ordered opened until some positive proof is offered to show that the election returns are not justified by the ballots in the ballot boxes, but when this preliminary proof is offered, it would be gross abuse of discretion for a court to deny contestor the right to substantiate his cause by documentary evidence. The ballot itself was the best evidence, and all other secondary, and it is idle to require witnesses to testify as to the illegibility of a ballot which can be produced, and thereby refute or confirm their statements with reference to it. The court wisely exercised its discretion in this matter, and no error was committed in ordering the ballot to be produced.

The questioned ballot and the writing thereon is:

A majority of the judges of election determined that the ballot clearly expressed the intention of the voter to vote for the contestee, and the ballot was so counted. Counsel for contestee say that the law having made the judges of election the ones to determine the question of votes, their findings should control, in the absence of any showing of fraud or corruption, and also urge, as was said in *Nicholls v. Barrick*, 27 Colo. 432, 442, 62 Pac. 202, that "The intention of the voter, as expressed upon the face of his ballot, has always been regarded as the cardinal principle controlling the count."

To give the judges of election the unlimited power for which the contestee contends, would force the courts and the judges thereof to absolutely shut their eyes to the most convincing evidence, and follow blindly the lead of election judges. In matters of documentary evidence, we have repeatedly held that the findings of the

110

lower courts are not conclusive upon us because, as was said in *Conklin v. Shaw*, 67 Colo. 169, 177, 185 Pac. 661, and reaffirmed in *Holbrook Dist. v. Fort Lyon Co.*, 84 Colo. 174, 269 Pac. 574: "We are in as good a position to judge of such evidence as the trial court." Paraphrasing this announcement, we might say that the findings of the election judges, that the intention of the voter was to cast his ballot for the contestee, are not binding upon the county court nor upon us, because he and we are in as good a position to judge of the documentary evidence as the judges of election. If the ballot is illegible and unintelligible, the intention of the voter is not expressed thereon, and the judges of election were not justified in reading into it an intention that it did not express. Counsel for the contestee contends that as there were only two announced candidates, the duty of the judges of election was to count the ballot for one or the other of these two. This is an erroneous assumption, because the qualified electors in every school district election have the right to vote for the person of their choice, irrespective of the fact of his announced candidacy. The vote could not be counted for the contestor or contestee unless it was legible and expressed the voter's intention.

Counsel for contestee has made a frank admission, which we regard as commendable: "We concede at the outset that if this ballot should be handed to any reasonably intelligent person of fair education, or indeed, perhaps to a handwriting expert, and such person were asked to say therefrom what was the name of the person voted for, he might be unable to do so, * * * it was the duty of the judges of election to determine from the ballot in question for which of the candidates the voter intended to vote provided that intention could be determined."

We agree with counsel as to the duty devolving upon the judges of election, and we recognize the duty to *determine from the ballot itself* what the voter intended, and this we do not believe was possible. The name writ-

ten upon the ballot might have been the name of any other qualified elector in the school district and it might be the name of any other person in the state. The judges must determine the intention of the voter if that can be done from the ballot itself, but there is no duty upon them to count every ballot for the one or the other of two announced candidates, because as we understand the statutes governing school elections, and the interpretation given them by this court, any person, otherwise qualified, may be a candidate at any school election, and the voter is allowed to exercise his independent choice in the selection of the person for whom he votes.

*Littlejohn v. People,* 52 Colo. 217, 223, 224, 121 Pac. 159, Ann. Cas. 1913D, 610, while discussing a statute with reference to candidates in a school district of the first class, is equally applicable to school districts of the third class, it is said:

"This means that every qualified elector shall have an equal right to cast a ballot for the person of his own selection, and that no act shall be done by any power, civil or military, to prevent it. Such is the mandate and spirit of the constitution, and it thereby vests in the elector a constitutional right of which he cannot lawfully be deprived by any governmental power. * * *.

"Applying these rules to the legislation in question, it is clearly unconstitutional, for the reason it coerces the elector into voting for one who has filed a notice of his intention to be a candidate, and prohibits the free choice of the elector as to whom he shall have to serve him as a public officer, and thereby prevents 'the free exercise of the right of suffrage.' "

The space in which the name should appear upon the questioned ballot is filled with hieroglyphics, and is wholly enigmatical. The judges of election are chosen to read the ballots, and from them ascertain the intention of the voter, and unless they possess skill far beyond that of ordinarily intelligent humans, the name upon the questioned ballot will go down in history "unknown."

112

The questioned ballot was unintelligible, illegible, and indecipherable, and should have been entirely disregarded in counting the votes. The county court was correct in so determining, and in declaring the election a tie.

■ Under the provisions of section 8329, C. L. 1921, where, after counting the ballots at a school election, it is determined by the judges of election that a tie has resulted, a special election shall be called by the board within ten days, and notice thereof given as required in section 8327, C. L. 1921. The judges of election did not find that a tie resulted, but we have decided that such should have been their determination. To say now that the board should not call a special election would result in depriving the electors in this school district of the right of choosing their own officers, and thereby disfranchise them, all because someone filed a contest of election, for under the provisions of section 8277, C. L. 1921, when the election fails, and none is called under section 8327, C. L. 1921, the duty devolves upon the county superintendent to appoint.

It is now formally determined that the election resulted in a tie, and the county court should have ordered a special election under section 8329, C. L. 1921.

It is therefore ordered, adjudged and decreed, that within ten days from October 27, 1930, the school board in school district No. 28, in the county of Conejos, state of Colorado, call a special election in their district, for the purpose of electing a treasurer of said school district. This being the order which the county court should have made.

Judgment modified and affirmed.

Mr. Justice Campbell not participating.