## No. 12,706.

PEOPLE EX REL. FLEBBE ET AL. *v.* MITCHELL ET AL.

(292 Pac. 228)

Decided October 7, 1930.

Mr. FREDERICK P. CRANSTON, for plaintiffs in error.

Mr. ERSKINE R. MYER, Mr. JOHN R. COEN, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

W. J. YOUST, one of the plaintiffs in error, and T. J. Mitchell, one of the defendants in error, were Republican designees for the nomination of county commissioner of Grand county at the primary election held September 9,

1930. Mitchell was declared to be the nominee and Youst brought this suit seeking a recount of the vote in certain precincts in Grand county alleging:

"* * * that all or part of the returns of the judges and clerks of said election precincts in said County of Grand are incorrect in that they show that said Mitchell received more votes than said Youst for the nomination for said office, whereas in truth and in fact said Youst received more votes than said Mitchell for said nomination, and said Mitchell did not receive a sufficient number of votes to entitle him to said nomination, but that said Youst received a sufficient number of votes to entitle him to said nomination; that when all votes cast for said Youst shall have been counted for him and when he receives credit for all votes cast for him he shall be found to have been nominated at said primary as the Republican candidate for said office.

"That among the precincts where the said Youst did not receive proper credit for all the votes cast for him at such election are Kremmling Precinct Number 4 and Hot Sulphur Springs Precinct Number 3; that in said precincts the judges and clerks thereof made errors and mistakes in the counting of the ballots and in the making of their returns in that they showed that said Mitchell received more votes than he actually received and that said Youst received fewer votes than he actually received.

"That there was an error and mistake in the canvassing board of said County of Grand and in the board of judges in the precincts aforesaid in counting and declaring the result of said primary election and said error and mistake will affect the result of said election.

"That the opening of said ballot boxes and a recount of the ballots will show that said Youst was nominated as the Republican candidate for the office of the County Commissioner of said County of Grand and that he received the highest number of votes for said nomination of said election."

Mitchell's demurrer to the complaint was sustained on the ground of ambiguity and insufficient facts. To review a judgment of dismissal entered thereon, this writ is now prosecuted.

This suit is brought under section 7574, C. L. 1921, which provides for the summary decision of election contests and that "Every such procedure shall be by petition to the proper court, *setting forth the grounds of complaint*." It is claimed, and we think correctly, that the allegations hereinabove set forth are wholly insufficient and fail to comply with said section. The complaint here merely charges that a mistake has been made in the count and a recount in the precincts involved would result in the nomination of Youst. No facts are pleaded stating specifically what, how and by whom errors have been made.

The holding of an election, the canvass of the votes cast thereat and the certificates of election of the canvassing board are presumed to be in accordance with the law. A nominee is under no duty to prove that he has been nominated, but on the contrary the contesting party must allege sufficient specific facts so that the contestee may be advised with reasonable definiteness and certainty the character of the charges to be met and be thus afforded an opportunity to properly present a defense thereto.

In *Boger v. Smith,* 77 Colo. 475, 477, 238 Pac. 57, which is here controlling, we held: "The statement of contest, not being tied to anything specific, the trial court did not err in sustaining the special demurrer."

*Gray v. Huntley,* 77 Colo. 478, 486, 238 Pac. 53, is also decisive of the question here involved. There the reason for the rule is clearly stated by Mr. Justice Adams as follows: "To order the opening of ballot boxes in every election contest, and to order a recount of the ballots in every case merely because it is asked, without a proper basis therefor, would invite a contest after every election, no matter how honestly and efficiently conducted. It

would discredit, without cause, the certificates of sworn election officials and make a farce of their labors. There must be a ground work or basis for the contest in its incipiency.''

The lower court was right in sustaining the demurrer to the complaint, and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD and MR. JUSTICE CAMP-BELL not participating.