## No. 14,236.

GALLEGOS v. WAYBRANT.

(77 P. [2d] 644)

Decided March 14, 1938.

Mr. Charles H. Woodard, Mr. George H. Blickhahn, for plaintiff in error.

Mr. D. O. Tipton, Mr. J. H. Thomas, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The judgment sought to be reversed herein was rendered by the county court of Costilla county in an election contest involving the office of secretary for the school board of the Fort Garland school district. The contestor is Waybrant, a voter; the contestee is Fidel Gallegos, who, as one of the three candidates for the office, received a certificate of election. Judgment was for cancellation of the certificate and ordered the school board to hold a special election.

Gallegos, Parsons and Maes, the candidates, were credited with 100, 98 and 55 votes respectively.

The contestor's statement alleged that, within twenty minutes after the counting of the ballots and over the protests of the two acting judges of the election, the ballot box together with the ballots therein, the poll books, the certificate of return, and the registration list of voters were, at the instance of divers persons present, taken from the possession of the judges, burned and wholly destroyed, and that as a result the secretary of the district and school board did not receive the ballot box and the documents so as to enable him to call a meeting of the board for the purpose of examining the certificate of return and of canvassing the ballots; that the certificate of election made in favor of Gallegos by the president and the secretary was based wholly upon hearsay testimony

and evidence; and that the certificate was delivered to Gallegos against the specific instructions of the secretary. Gallegos relied upon his certificate. He denied all connection with the destruction of the ballot box and of the documents. There is no legal evidence before us on this issue.

Evidence was taken by the trial court, and judgment was entered ordering a new election, as above mentioned. On August 5, 1937, the county court granted sixty days to tender a bill of exceptions. None was tendered, however; hence the evidence is not properly before us. The usual presumption must therefore be indulged, that there was sufficient evidence before the court to justify its conclusions. It is significant that among the documents included with the record are what purport to be copies of the affidavits of two persons who stated therein that they were not qualified voters of the district but had voted for the candidate Parsons. If they so voted, the Gallegos vote would remain at 100 and the Parsons vote would be reduced to 96. However, there also appears with the record another affidavit in which the same two affiants joined in the statement that they had voted for the candidate Gallegos though they were not qualified voters of the district. If these statements were true, the Gallegos vote would be reduced to 98 and there would then be a tie. It seems that the two unqualified voters also testified at the trial itself, so that the trial court had the opportunity of judging their credibility and weighing the testimony.

It is conceded by the parties hereto that, if there was a tie vote, this being a school election, the county court was justified in ordering a new election. Compare: *Winters v. Pacheco*, 88 Colo. 105, 292 Pac. 1061. With such concession, and in the absence of the evidence taken, we as an appellate court cannot say that the lower court erred.

Other matters apparent from the record raise serious

points which militate against the contestee, but these need not now be determined.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.