## No. 15,110.

PEOPLE EX REL. HARPER ET AL. *v.* CITY OF PUEBLO ET AL.

(126 P. [2d] 339)

Decided May 4, 1942.   Rehearing denied May 25, 1942.

Mr. French L. Taylor, Mr. A. T. Stewart, for plaintiff in error.

Mr. Charles M. Rose, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear in the same order as in the trial court and are hereinafter referred to as the plaintiffs and the city. The former are city employes.

At a general city election November 4, 1941, there was submitted an amendment to section 6 of article 6 of the city charter raising the salaries of city employes, requiring the council to appropriate money to pay the increase, and levy a tax therefor. The returns were canvassed and duly certified showing that the amendment was defeated by 29 votes. Plaintiffs brought this action alleging irregularities in canvassing the returns and prayed that certain ballot boxes be opened and the ballots therein counted by commissioners appointed by the court; that the amendment be declared carried and the city ordered to levy a tax sufficient to pay the increase and pass the appropriate ordinance. The answer admitted most of the alleged irregularities and replication followed. The defendants moved to dismiss and plaintiffs moved for judgment on the pleadings. It was thereupon stipulated that the cause stand finally submitted on the pleadings, and the parties waived the introduction of evidence with permission to the court to order proof as to any particular issue of fact. On December 31, 1941, judgment was entered for defendants, to review which plaintiffs sued out this writ and moved that

it be made a supersedeas. By agreement the cause was orally argued and finally submitted on that motion. There are two specifications of error divided into ten subheads. We need not separately state or examine them. For our purpose the cause presented here may be considered as disposed of by sustaining a general demurrer to the complaint. This will cover so much of the assignments as are material.

There are 41 precincts in the city of Pueblo and it is alleged that in the canvass and count certain irregularities occurred in 21 of these. The principal complaint is that in each the judges and clerks, instead of working as a whole on the canvass, divided into two groups, each of which acted as a board of canvassers, each taking a portion of the ballots and, separate from the other and at the same time, conducting its canvass, with all the irregularities necessarily attendant upon such a procedure; all of which it is said rendered the count uncertain and destroyed its accuracy. Numerous other minor irregularities are charged, differing in the different precincts. These need not be further mentioned.

Defendants insist that this cause was initiated as an action in mandamus and was converted, or attempted to be converted, into a general equity procedure in the nature of an election contest. The city says that there is no statutory proceeding provided for such an action, hence the court was without jurisdiction. Plaintiffs answer that in the absence of such statutory remedy the court has full power under the action here instituted. We assume, without deciding, that the procedure is proper and that the court had jurisdiction.

There is no specific allegation of fraud. The original complaint contains such in general terms and charges of "intentional" misconduct. By amendment "fraud" and "intentional" were eliminated. Plaintiffs insist this elimination went only to the words which characterized the facts, but that the latter remained, hence constructive fraud and intentional misconduct are alleged. Such

was not the understanding and interpretation of the trial court, such was evidently not the understanding of the city when the stipulation was entered into, and such is not ours. Regardless of the amendment we think fraud and intentional misconduct are not charged. It was also admitted by plaintiffs that they had no preliminary evidence that a recount would change the result.

As a general rule definite allegations of fraud or allegations that a recount will change the result, and a prima facie showing thereof, are essential to an order to open ballot boxes and recount ballots, and such an order rests in the sound discretion of the court. *Kindel v. Le Bert,* 23 Colo. 385, 48 Pac. 641. There is no statute in this state giving a contestor an absolute right to have boxes opened and ballots recounted and in the absence of a definite and specific assertion the assumption is that none can be made. *Boger v. Smith,* 77 Colo. 475, 238 Pac. 57. Where the charges are sufficient there must be some preliminary evidence supporting them to justify the exercise of the court's discretion, and even then that exercise is, on review, generally held to be final. *Gray v. Huntley,* 77 Colo. 478, 238 Pac. 53.

This is clearly one of those cases generally characterized by courts of review as "fishing expeditions" and as such condemned, and in the absence of allegations that the relief sought would establish a different result the order will not be granted. *Cruse v. Richards,* 95 Colo. 485, 37 P. (2d) 382.

What we have herein said should not be taken as judicial approval of the method followed by the clerks and judges in the precincts complained of, nor as any such approval of the minor irregularities alleged. Any of these might, under different allegations, support a long and costly contest with doubtful results. This should rather be taken as a warning to canvassing boards to keep within the law, even at the expense of additional labor and loss of sleep.

For the reasons above given the judgment is affirmed.

Mr. Justice Bock dissents.

Mr. Justice Hilliard not participating.

Mr. Justice Bock dissenting.

I regret my inability to concur. The trial court's primary basis for dismissing the petition of plaintiff in error was that he was without jurisdiction because that pleading contained no allegation of fraud. It is admitted that there is no statute providing for election contests of initiated or referred measures. In my opinion, we settled the question of jurisdiction of such contests in the carefully considered and well-reasoned opinion in the case of *People ex rel. v. County Commissioners,* 6 Colo. 202. There was no indication in that case that fraud was involved. In the instant case the facts were submitted to the trial court as set out in the pleadings, with the stipulation that, if it was deemed necessary, the court might order proof of any fact in issue thereunder. The acts alleged in the petition as violative of sections 237 and 238, chapter 59, '35 C.S.A., were charged as having been done recklessly, carelessly and intentionally. Under these circumstances, and in so close an election, the court should at least have heard the evidence relative thereto, which, in the first instance, would not have required a recounting of the ballots. It is not in harmony with the strict vigilance to be exercised to protect the purity of elections, to follow the easier and erroneous course of dismissal for want of jurisdiction. In the very nature of the unlawful manner alleged in counting the ballots in the case at bar, it is virtually impossible to say in advance how many illegal ballots were cast. That the illegal method followed in this case is very prevalent is indicated by this record. The court should have heard testimony on this phase of the case and thereafter determined whether, in its discretion, the ballots should have been recounted. *Gray v. Huntley,* 77 Colo. 478, 486, 238 Pac. 53. The taking of such evi-

dence should not be regarded as a "fishing expedition," but rather as the affirmative exercise of judicial pro-cesses to keep inviolate the elective franchise from un-lawful practices.